

**FILED**

I 2004

TERESA L. DEPPNER, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF WEST VIRGINIA

*Anthony M. Bell*

*#1098811*

_____

_____

*(Enter above the full name of the plaintiff
or plaintiffs in this action).*

*(Inmate Reg.# of each Plaintiff)*

**VERSUS**

**CIVIL ACTION NO.** *2:04-0534*
*(Number to be assigned by Court)*

*James S. Rowe*

_____

_____

*(Enter above the full name of the defendant
or defendants in this action).*

## COMPLAINT

**I.    Previous Lawsuits**

A.    Have you begun other lawsuits in state or federal court
dealing with the same facts involved in this action or
otherwise relating to your imprisonment?

Yes _____    No _____

B.  If your answer to A is yes, describe each lawsuit in the
     space below.  (If there is more than one lawsuit, describe
     the additional lawsuits on another piece of paper, using the
     same outline).

     1.   Parties to this previous lawsuit

          Plaintiffs: _____

          _____

          _____

          Defendants: _____

          _____

          _____

     2.   Court (if federal court, name the district; if
          state court, name the county): _____

          _____

          _____

     3.   Docket Number: _____

     4.   Name of judge to whom case was assigned:

          _____

     5.   Disposition (for example: Was the case dismissed? Was it
          appealed?  Is it still pending?)

          _____

          _____

     6.   Approximate date of filing lawsuit:_____

     7.   Approximate date of disposition:_____

**II.**   **Place of Present Confinement:** _Central Regional Jail_

    **A.**   Is there a prisoner grievance procedure in this institution?

                    Yes _X_         No ____

    **B.**   Did you present the facts relating to your complaint in the state prisoner grievance procedure?

                    Yes ____        No _X_

    **C.**   If your answer is YES:

        **1.**   What steps did you take? _____

                _____

        **2.**   What was the result? _____

                _____

    **D.**   If your answer is NO, explain why not: _Because it doesn't_ _concern this facility_

**III.**   **Parties**

    (In item A below, place your name and inmate registration number in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

    **A.**   Name of Plaintiff: _Anthony M. Bell_

        Address: _Central Regional Jail 300 Days Dr Sutton WV 26601_

    **B.**   Additional Plaintiffs and Address: _____

        _____

        _____

        _____

(In item C below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item D for the names, positions, and places of employment of any additional defendants.)

C.    Defendant   _James  S.  Rowe_____

is employed as___ _Attorney_____

at_ _PO Box  750  Montgomery, WV  25136_

D.    Additional defendants:_____

_____

_____

_____

## IV.    Statement of Claim

State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheet if necessary).

I hired him to file an Appeal to my Sentencing. And he hasn't worked on it since March 7, 2003. My Statue of limitation is up. And I tried to Contact him many times, He hasn't returned my Phone calls or letters, Not even the ones the Court has sent him.

## IV. Statement of Claim (continued):

## V.   RELIEF

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

I would like the Court to grant me $75,000 for my suffering.

**V. Relief (continued)**

_____

_____

_____

_____

_____

**VII.   Counsel**

A.  If someone other than a lawyer is assisting you in preparing this case, state the person's name:

_____

B.  Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action?

Yes _____        No _X_

If so, state the name(s) and address(es) of each lawyer contacted:

_____

_____

If not, state your reasons: _I don't have Access_

_____

C.  Have you previously had a lawyer representing you in a civil action in this court?

Yes _____        No _X_

**If so, state the lawyer's name and address:**

_____

_____

Signed this ___25___ day of ___MAy_____, 19 04.

_____Anthony M. Bell_____

_____

_____

Signature of Plaintiff or Plaintiffs

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on ___25 MAy 2004_____
            (Date)

_____Anthony M Bell_____
Signature of Movant/Plaintiff

_____
Signature of Attorney
(if any)

LAW OFFICES OF
# KAPLAN, GILPIN & ASSOCIATES, LLC

PAUL H. KAPLAN
(1949-1997)

DAVID W. GILPIN
THURSTON E. FRAZIER, JR.

ROBERT E. McCARTER
OF COUNSEL

December 22, 1999

Mr. Anthony M. Bell
82 Robinson Street
Oak Hill, WV 25901

RE:    *Expungement of 96-CRS-027921  96-CRS-027922*

Dear Mr. Bell:

Please be advised that we have completed the process of expunging your charges of *Possession of Cocaine (F) and Possess Marijuana up to ½ oz. (M)*. Therefore, please find enclosed a filed copy of the Petition and Order in this matter. Should you have any problems of the above charges showing up at any time, please give me a call immediately.

However, the Mecklenburg County criminal clerk(s) are required to delete your above said charges on December 7, 1999 and forward the paperwork to the Charlotte Mecklenburg Police Department for their deletion process. I would give the Charlotte Mecklenburg Police Department approximately two (2) weeks for their deletion process.

It was a pleasure serving you and should you need my legal help in the near future, please feel free to give me a call.

Sincerely,

David W. Gilpin

DWG:aaa

Enclosure: As Indicated Above

cc: file

Court Arcade · Suite 100 · 725 East Trade Street · Charlotte, N.C. 28202 · 704-375-3641 · FAX 704-372-8783 · 800-273-7019



STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
96 CRS 027921 & 96-CRS-027922

STATE OF NORTH CAROLINA

vs.

ANTHONY MAURICE BELL,

              Defendant.

**PETITION FOR EXPUNCTION OF
RECORDS PURSUANT TO
N.C.G.S. 15A-146**

NOW COMES the Defendant, by and through his undersigned counsel, and shows unto the court the following:

1. That on May 23, 1996, the above-named petitioner was arrested and charged with **(F) Possession of Cocaine AND (M) Possess Marijuana up to ½ oz,** in violation of the North Carolina General Statutes.

2. That on October 14, 1996, the District Attorney entered Voluntary Dismissal of these matters in Mecklenburg County Superior Court.

3. That the Petitioner was not previously convicted of any offense, other than minor traffic violations.

4. That the Petition is made pursuant to the provisions of North Carolina General Statutes, Section 15A-146.

5. That the Petitioner has not previously availed himself of any other expungement status.

6. That the Petitioner desires to have his arrest and disposition of the above-captioned cases expunged from the public records, pursuant to the provisions of North Carolina General Statute, Section 15A-146.

7. That the Petitioner has no pending cases in this or any other jurisdictions.

WHEREFORE, this Petitioner prays unto the court for an expunction of his criminal arrest and disposition of said cases, pursuant to North Carolina General Statute, Section 15A-146, and whereby states that he is willing to pay the costs of the same.

1

This the _____ 2 2 _____ day of November, 1999.

_____
David W. Gilpin
*Attorney for Defendant*

OF COUNSEL:

**KAPLAN, GILPIN & ASSOCIATES, LLC**
725 E. Trade Street, Suite 100
Charlotte, NC 28202
(704) 375-3641

# STATE OF NORTH CAROLINA

MECKLENBURG ——————— County

96-CRS-027921

In The General Court Of Justice
☐ District ☒ Superior Court Division

## STATE VERSUS

**REQUEST AND REPORTS CONVICTIONS/EXPUNCTIONS DISMISSALS AND DISCHARGE**

Name And Address Of Defendant (Type Or Print)
ANTHONY MAURICE BELL
530 DEANNA LN., #H
CHARLOTTE, NC

G.S. 15A-145, 15A-146, 90-96, 90-113.14

| Race | Sex | Date Of Birth | Social Security No. | Offense To Be Expunged Or Dismissed | G.S.No. |
|------|-----|---------------|--------------------|-----|---------|
| B | M | 12/27/66 | 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 | (F) POSS. OF COCAINE | |

Relief Requested And Statute Under Which Application Made (Check Only One)

☒ Expunction of records under: ☐ 15A-145 ☒ 15A-146 ☐ 90-96(b) ☐ 90-96(d) ☐ 90-96(e)

☐ 90-113.14(b) ☐ 90-113.14(d) ☐ 90-113.14(e)

☐ Dismissal of charges and discharge of defendant under: ☐ 90-96(a) ☐ 90-113.14(a)

| OFFENSE INFORMATION | DATE |
|---------------------|------|
| (Check And Give Date For All Which Apply) | |
| ☒ Date Offense Committed | 05/22/96 |
| ☒ Date Of Arrest, Indictment Or Service Of Other Initiating Process | 05/23/96 |
| ☒ Date Of Dismissal, Nol. Pros. Or Finding Of Not Guilty | 10/14/96 |
| ☐ Date Of Guilty Plea Or Date Found Guilty | |
| ☐ Date Of Dismissal And Discharge Under G.S. 90-96(a) or G.S. 90-113.14(a) | |
| ☐ Date Of Conviction | |

| Name And Address Of Arresting Agency | Name And Address Of Defendant's Attorney |
|---|---|
| CHARLOTTE MECKLENBURG POLICE DEPARTMENT<br>601 EAST TRADE STREET<br>CHARLOTTE, NC 28202 | DAVID W. GILPIN<br>725 E. TRADE STREET, SUITE 100<br>CHARLOTTE, NC 28202 |

## CERTIFICATION BY DEFENDANT OR ATTORNEY

I certify that an application under the statute identified above and all affidavits required under that statute have been filed in this case, that I have served copies on the district attorney, and that the information set forth above is a complete and accurate statement of the information on file in the office of the Clerk of Superior Court.

| Date | Signature | | |
|------|-----------|--|--|
| 4/23/99 | (David W. Gilpin) | ☐ Defendant | ☒ Attorney |

## REQUEST BY JUDGE

**To The State Bureau Of Investigation, Division Of Criminal Information, 407 North Blount Street, Raleigh, NC 27601-1009:**

Please prepare, certify on the reverse side, and attach to this Request any Criminal Record History Information for the petitioner. Then forward this Request, with Criminal Record History Information attached, confidentially to: Records Officer, Administrative Office of the Courts, P. O. Box 2448, Raleigh, NC 27602.

**To The Records Officer, Administrative Office Of The Courts:**

Please complete the report on the reverse side and return it, along with any Criminal Record History Information previously attached to this Request by SBI, to the Clerk of Superior Court, Attn: Presiding Judge.

| Date | Signature Of Judge |
|------|--------------------|
| 4-30-99 | |

AOC-CR-237
Rev. 6/92

(Over)

## CRIMINAL RECORD HISTORY INFORMATION

**To Any Presiding Judge In The Above Named County And Court:** *(Confidential)*

I have conducted a search of the criminal records of the North Carolina State Bureau of Investigation and the Federal Bureau of Investigation, based on the information provided by you, which has not been verified by fingerprint comparisons, and certify that

☐ there is no criminal record for the defendant identified on the reverse side of this form.

☑ the Criminal Record History Information which is attached is a true and accurate statement of all information contained in the criminal records of the State and Federal Bureaus of Investigation for the defendant identified on the reverse side of this form. FBI 893098CB2 SID NC0126081/64

| Date | Signature Of S.B.I. Official |
|------|------------------------------|
| 2-12-99 | Sammy Davis |

## REPORT BY ADMINISTRATIVE OFFICE OF THE COURTS

**To Any Presiding Judge In The Above Named County And Court:** *(Confidential)*

I have searched the confidential file which contains the names of all persons granted an expunction or dismissal and discharge in North Carolina and certify that

☑ there is no record under the name of the defendant of any expunction or dismissal and discharge under any statute of North Carolina.

☐ there is a record under the name of the defendant identified on the reverse side of this form as follows:

| Date | Signature Of Records Officer |
|------|------------------------------|
| FEB 2 2 1999 | |

## CERTIFICATION BY CLERK

**To The Arresting Agency Identified On The Reverse And To The Records Officer, Administrative Office Of The Courts, P. O. Box 2448, Raleigh, NC 27602:**

I certify that this form and the attached Order are true and complete copies of the originals in this case and are being forwarded for compliance with any applicable provisions of the Order.

| Date | Signature |
|------|-----------|
|  | |
|  | Name (Type Or Print) |

☐ Assistant CSC          ☐ Clerk Of Superior Court

### INSTRUCTIONS:

*Upon the completion of an application/motion to expunge, or dismiss and discharge, which is a separate document prepared by the defendant or his attorney, the procedures for this form are as follows:*

1. *No order should be entered until this form has been completed by the defendant, a judge, S.B.I. and AOC and has been referenced to the Clerk as explained below.*
2. *The defendant or attorney should complete all "Offense Information" on the reverse side of this form from the court file, sign the certificate, obtain the judge's signature and send to the S.B.I.*
3. *The S.B.I. shall then complete CRHI and send to the AOC.*
4. *The AOC shall complete the report and mail to the Clerk of Superior Court in the county where the expunction is pending in an envelope marked,"Attn: Presiding Judge-Confidential-AOC-CR-237 Enclosed-File No.-Defendant's Name."*
5. *The Clerk places the sealed envelope in the file to be opened by the presiding judge when the application is heard.*
6. *It is the responsibility of the petitioner to determine if the AOC-CR-237 has been returned and then to ask the Clerk or D.A. to schedule an application/motion to expunge for hearing.*
7. *If order granting dismissal and discharge is entered, the Clerk notifies the AOC.*
8. *If Order of Expunction is entered, the Clerk makes two copies of this form, completes "Certification By Clerk" on each copy, attaches a copy of the Order to each copy, and sends one set of each to arresting agency and the AOC. The Clerk retains the original to be disposed of with the papers in this case. No other copy is made or kept.*
9. *If application is denied, all copies of the AOC-CR-237 and any accompanying information from the S.B.I. or AOC shall be destroyed, unless the court orders otherwise.*

AOC-CR-237, Side Two, Rev. 6/92

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

STATE OF NORTH CAROLINA

vs.

ANTHONY MAURICE BELL,

                     Defendant.

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
96-CRS-027922

MOTION TO SET ASIDE
ORDER FOR EXPUNCTION



MECKLENBURG COUNTY
FILED #23
DEC 7 1999
O'CLOCK _____ M.
CLERK OF SUPERIOR COURT

       THE DEFENDANT, through undersigned counsel, hereby moves that the original Order for *(M) Possession of Marijuana up to ½ oz*, under docket number *96-CRS-027922*, be set aside. Movant further moves that a new Order allowing one expunction of *(M) Possession of Marijuana up to ½ oz* and *(F) Possession of Cocaine*, under docket number *96-CRS-027921*, be entered. In support of said Motion, the following grounds are stated:

1.    That the charge of Possession of Marijuana up to ½ oz, under docket number 96-CRS-027922, was dismissed as was the charge of Possession of Cocaine, under docket number 96-CRS-027921.

2.    The dismissal of the above stated charges allowed the defendant to be eligible for expungement of all offenses. Said eligibility for expungement is more specifically stated by the authority of the North Carolina State Bureau of Investigation, a copy of correspondence reflecting said eligibility attached hereto as Exhibit A.

3.    Because of a clerical oversight and mistake, expungement for only Possession of Marijuana up to ½ oz, under docket number 96-CRS-027922, was applied for and allowed by way of Order filed on April 20, 1999.

4.    The interests of justice and the intent of North Carolina General Statute 15A-146 would be better served by allowing the previously entered Order for expunction of the charge of Possession of Marijuana up to ½ oz, under docket number 96-CRS-027922, to be set aside for entry of a substitute Order allowing expungement of (M) Possession of Marijuana up to ½ oz., under docket number 96-CRS-027922, and the charged Possession of Cocaine, under docket number 96-CRS-027921. Furthermore, the applicant-defendant, Anthony Maurice Bell, will suffer undue hardship and prejudice if expungement of only one eligible was allowed rather than expungement of all eligible, related offenses.

RESPECTFULLY SUBMITTED, this the ___23___ day of November, 1999.

David W. Gilpin
*Attorney for Petitioner*
**KAPLAN, GILPIN & ASSOCIATES, LLC**
725 E. Trade Street, Suite 100
Charlotte, NC 28202
(704) 375-3641

2

Local I D 202746

# STATE OF NORTH CAROLINA

MECKLENBURG ———— County

*File No.*
96-CRS-027922

In The General Court Of Justice
☐ District ☒ Superior Court Division

## STATE VERSUS

*Name And Address Of Defendant (Type Or Print)*
ANTHONY MAURICE BELL
530 DEANNA LN., #H
CHARLOTTE, NC

FILED
AUG 1 1999
[O'CLOCK]
CLERK
[MECKLENBURG COUNTY]
SUPERIOR COURT

## REQUEST AND REPORTS CONVICTIONS/EXPUNCTIONS DISMISSALS AND DISCHARGE

G.S. 15A-145, 15A-146, 90-96, 90-113.14

| Race | Sex | Date Of Birth | Social Security No. Or | Offense To Be Expunged Or Dismissed | G.S.No. |
|------|-----|---------------|------------------------|--------------------------------------|---------|
| B | M | 12/27/66 | 379-76-91 | (M)POSS. MARIJUANA UP TO 1/2 OZ. | |

*Relief Requested And Statute Under Which Application Made (Check Only One)*

☒ Expunction of records under: ☐ 15A-145  ☒ 15A-146  ☐ 90-96(b)  ☐ 90-96(d)  ☐ 90-96(e)

☐ 90-113.14(b) ☐ 90-113.14(d) ☐ 90-113.14(e)

☐ Dismissal of charges and discharge of defendant under:   ☐ 90-96(a)   ☐ 90-113.14(a)

| OFFENSE INFORMATION | DATE |
|---------------------|------|
| *(Check And Give Date For All Which Apply)* | |
| ☒ Date Offense Committed | 05/22/96 |
| ☒ Date Of Arrest, Indictment Or Service Of Other Initiating Process | 05/23/96 |
| ☒ Date Of Dismissal, Nol. Pros. Or Finding Of Not Guilty | 10/14/96 |
| ☐ Date Of Guilty Plea Or Date Found Guilty | |
| ☐ Date Of Dismissal And Discharge Under G.S. 90-96(a) or G.S. 90-113.14(a) | |
| ☐ Date Of Conviction | |

| *Name And Address Of Arresting Agency* | *Name And Address Of Defendant's Attorney* |
|----------------------------------------|--------------------------------------------|
| CHARLOTTE MECKLENBURG POLICE DEPARTMENT | DAVID W. GILPIN |
| 601 EAST TRADE STREET | 725 EAST TRADE STREET, SUITE 100 |
| CHARLOTTE, NC  28202 | CHARLOTTE, NC  28202 |

## CERTIFICATION BY DEFENDANT OR ATTORNEY

I certify that an application under the statute identified above and all affidavits required under that statute have been filed in this case, that I have served copies on the district attorney, and that the information set forth above is a complete and accurate statement of the information on file in the office of the Clerk of Superior Court.

*Date* 11/25/98   *Signature* David W. Gilpin   ☒ Defendant ☒ Attorney

## REQUEST BY JUDGE

To The State Bureau Of Investigation, Division Of Criminal Information, 407 North Blount Street, Raleigh, NC 27601-1009:

Please prepare, certify on the reverse side, and attach to this Request any Criminal Record History Information for the petitioner. Then forward this Request with Criminal Record History Information attached, confidentially to: Records Officer, Administrative Office of the Courts, P. O. Box 2448, Raleigh, NC 27602.

To The Records Officer, Administrative Office Of The Courts:

Please complete the report on the reverse side and return it, along with any Criminal Record History Information previously attached to this Request by SBI, to the Clerk of Superior Court, Attn: Presiding Judge.

| *Date* 11/20/58 | *Signature Of Judge* J. |
|------|------|

AOC-CR-237
Rev. 6/92

*(Over)*



STATE OF NORTH CAROLINA
THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION

COUNTY OF MECKLENBURG
96 CRS-027921 & 96-CRS-027922

FILED #23

DEC 7 1999

O'CLOCK ___ M.

CLERK OF SUPERIOR COURT

STATE OF NORTH CAROLINA

VS.

ANTHONY MAURICE BELL,

Defendant.

**ORDER FOR EXPUNCTION OF RECORDS PURSUANT TO N.C.G.S. 15A-146**

THIS CAUSE coming on to be heard and being heard before the undersigned District Court Judge presiding over the District Court for Mecklenburg County, North Carolina and upon the Petition of Defendant to have his arrest for *(F) Possession of Cocaine AND (M) Possess Marijuana up to ½ oz.*, in violation of the North Carolina General Statutes, expunged from his and the public records. Upon hearing the evidence, the Court makes the following FINDINGS OF FACT:

1. That this is a Petition and Motion in this cause, pursuant to North Carolina General Statute, asking that the Petitioner's arrest and the disposition of charges *(F) Possession of Cocaine AND (M) Possess Marijuana up to ½ oz.*, in violation of the North Carolina General Statutes, in the above-named cases, and all records relating to the same be expunged from his and the public records.

2. That prior to said arrest and since that time, up unto and including the present day, Petitioner has not been convicted of any misdemeanor or felony, other than minor traffic violations, under the laws of this State.

3. That the Petitioner has not previously received an expungement in this or any other matter in the past, nor has he petitioned any other court for an expungement.

BASED ON THE FOREGOING FINDINGS OF FACT, **THE COURT CONCLUDES AS A MATTER OF LAW** that the Petitioner has met all the requirements of North Carolina General Statutes 15A-146 for the expunction of his charges *(F)Possession of Cocaine AND (M) Possess Marijuana up to ½ oz.*, in violation of the North Carolina General Statutes and also for the expunction of any and all other records relating to said arrest.

3

BASED ON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. That the Clerk of Superior Court of Mecklenburg County, North Carolina, shall expunge all records reflecting that the Petitioner was ever arrested for *(F)Possession of Cocaine AND (M) Possess Marijuana up to ½ oz.*, in violation of the North Carolina General Statutes, in these cases.

2. That the Mecklenburg County Police Department and any and all other local law enforcement agencies shall expunge from its records any written memorandum of these cases relating to the arrest in the above cause of action.

3. That the State of Bureau of Investigation, Raleigh, North Carolina shall expunge from its records any written memorandum of these cases relating to the arrest in the above cause of action.

4. That a copy of this Order shall be served on each of parties, either directed or requested, to expunge its record of any matters relating to the arrest of Petitioner in the above causes of action.

5. That the Petitioner shall be responsible for any and all costs incurred by or charged by the parties in the expunction of his record.

This the ____24____ of November, 1999.

_____
DISTRICT COURT JUDGE PRESIDING

4

# STATE OF NORTH CAROLINA

File No. 96 CeS 27922

Mecklenburg County

STATE VERSUS

In The General Court Of Justice
☐ District ☒ Superior Court Division

Defendant

Anthony Bell

## DISMISSAL
## NOTICE OF REINSTATEMENT

G.S. 15A-302(e), -931, -932, -1009

Offense

(h) Poss. Marijuana

## ☒ DISMISSAL

The undersigned District Attorney enters a dismissal to the above charge(s) and assigns the following reasons:

☐ 1. No crime is charged.

☐ 2. There is insufficient evidence to warrant prosecution for the following reasons:

☒ 3. Defendant has agreed to plead guilty to the following charges: Poss. Cocaine

in exchange for a dismissal of the following charges:

☐ 4. Other: *(specify)*

A jury has not been impanelled nor has evidence been introduced. *(If a jury has been impanelled, or if evidence has been introduced, modify this sentence accordingly.)*

FILED #31
OCT 14 1996
CLERK OF SUPERIOR COURT
MECKLENBURG COUNTY, N.C.

## ☐ DISMISSAL WITH LEAVE

The undersigned District Attorney enters a dismissal with leave to the above charge(s) and assigns the following reasons:

☐ 1. The defendant failed to appear for a criminal proceeding at which his attendance was required and the District Attorney believes that the defendant can not readily be found.

☐ 2. The defendant has been indicted and cannot readily be found to be served with an Order For Arrest.

☐ 3. The defendant has entered into a deferred prosecution agreement with the District Attorney in accordance with the provisions of Article 82 of G.S. Chapter 15A.

☐ 4. The defendant has been found by a court to be incapable of proceeding pursuant to Article 56 of G.S. Chapter 15A.

☐ 5. Other: *(specify)*

NOTE: *This form must be completed and signed by the District Attorney when the dismissal occurs out of court. The better practice is for the District Attorney to complete and sign the form when the charges are orally dismissed in open court.*

Date 10-14-96

Signature Of District Attorney

## ☐ REINSTATEMENT

☐ 1. This case having previously been dismissed with leave because the defendant failed to appear in court as required, is now reinstated for trial.

☐ 2. The defendant has failed to comply with the deferred prosecution agreement.

Date

Signature Of District Attorney

AOC-CR-307, Rev. 5/94

Original-File

```
590 MECKLENBURG             ICA INQUIRY 51  96CRS022921 .   FILM: 9602340052
DISPOSED                    R  S DOB/AGE         CRS     FILING DATE: 071796
INDICTMENT                  B  M 12271966 DL#:
BELL, ANTHONY MAURICE       CITA.#:
530 PERNIA LN #H            TRIAL DATE: 101496  AM
CHARLOTTE       NC          DEF ATTY:                       TYP: R
CHG/ARRN OFFN: F-FELONY POSSESSION OF COCAINE     90-95(D)(2)
COMPLAINANT: BARFIELD,C,A            CPD ISSUED: 052396     SERVED: 052396
OFFN DATE: 052296    ARRN DATE:     MOTIONS DATE:        DISP DATE: 101496
CONT. D: 00 S: 00 C: 00 NR: 00

PLEA VERDICT MOD   FINE   COSTS       REST      JUDGE  MONIES-PD  TO-BE-PAID
 GU         DR   S  00250  S 0000  S                          YES
CONV OFFN:
SENT LEN:            -      SENT TYPE:            CONS F/JGMT:
PROB: 002 Y    SUPERVISED   WITHDRAWN:           APPEALED TO SUPERIOR:
AREA CD:    ACCD:    HWY:        V LIC:          TRANS TO SUPERIOR: 071696
CDL: N  CMV: N  HAZ: N  TRP/DIST:      V ST:   V TYP:      APPELLATE:
90-96 COND 12,13,14,17/FORF WEAPON/GEOG RESTR 300 ARCHDALE

ARREST DATE: 052396 CHECK DIGIT: NQ4597E SID: NC0682647A LID: 202746
NEXT#:               PF2 - NAME INQUIRY              ADDL CHARGES:
```

```
590 MECKLENBURG              ICA INQUIRY 01            FILM:
DISPOSED                R   G DOB/AGE      CRS      FILING DATE: 052496
MAGISTRATE ORDER        B   M 122766   DL#:
                                       CITA.#:
                                       TRIAL DATE: 101496  AM
CHARLOTTE       NC                     FEE ATTY:                 TYP: R
CHG/ARRN OFFN: M POSSESS              90-95(D)(
COMPLAINANT: BARFIELD C A             OPD ISSUED: 052396
               ARRN DATE:             MOTIONS DATE:
CONT: D: 00 B: 00 C: 00 NR: 00

PLEA VERDICT MOD   FINE    COSTS    REST    JUDGE  MONIES-PD  TO-BE-PAID
            SI  $         $        $
CONV OFFN:
SENT LEN:       -          SENT TYPE:              CONS F/JGMT:
PROB:                      WITHDRAWN:           APPEALED TO SUPERIOR:
AREA CD:   ACCD:   HWY:        V LIC:          TRANS TO SUPERIOR: 071696
COL: N  CMV: N  HAZ: N   TRP/DIST:   V ST:   V TYP:      APPELLATE:


ARREST DATE: 052396 CHECK DIGIT: NO4597E SID: NC0682647A LID: 202746
NEXT#:                   PF2 - NAME INQUIRY            ADDL CHARGES:
```



# Thelma M. Kincaid

CLERK, CIRCUIT COURT OF FAYETTE COUNTY
100 Court Street
Fayetteville, West Virginia 25840

July 24, 2003

Anthony M. Bell, Inmate
Central Regional Jail
300 Days Drive
Sutton, West Virginia  26601

RE:  02-F-107 (H)

Dear Inmate Bell:

Enclosed please find copies of your Notice of Intent To Appeal filed on December 9, 2002 and a Motion for Extention of Time To File an Appeal, filed on March 7, 2003.  These are the last two (2) pleadings filed in your case.

I have forwarded a copy of your pleading to James S. Rowe.

Sincerely,

Thelma M. Kincaid
Clerk

TMK:sm

Encls. (2)

cc:  James S. Rowe
      Attorney at Law
      P. O. Box 750
      Montgomery, West Virginia  25136



IN THE CIRCUIT COURT OF FAYETTE COUNTY, WEST VIRGINIA

STATE OF WEST VIRGINIA,

                                      CASE NO.: 02-F-107

VS.

ANTHONY M. BELL,

       Defendant.

### NOTICE OF INTENT TO APPEAL

    NOW COMES, Anthony M. Bell, by counsel, James S. Rowe, and hereby gives Notice of

Intent to Appeal the Ruling of the Fayette County Circuit Court dening his Rule 35 Motion entered

by the Circuit Court of Fayette County entered the 7th day of November, 2002.

                                                                  **ANTHONY M. BELL**
                                                          **BY COUNSEL**

James S. Rowe
Attorney at Law
P.O. Box 750
Montgomery, WV 25136

## CERTIFICATE OF SERVICE

I, James S. Rowe, counsel for the Defendant, do hereby certify that I have served a true and

exact copy of the foregoing **NOTICE OF INTENT TO APPEAL** by mailing a true and exact copy

thereof to the following:

Paul M. Blake, Jr.
Prosecuting Attorney
108 E. Maple Ave.
Fayetteville, WV 25840

Dated this the ⟶ day of ⟶, 2002.

James S. Rowe
Attorney at Law
P.O. Box 750
Montgomery, WV 25136

FAYETTE COUNTY
CIRCUIT CLERK
2002 DEC -9 A 10: 53
THELMA M. KINCAID



IN THE CIRCUIT COURT OF FAYETTE COUNTY, WEST VIRGINIA

STATE OF WEST VIRGINIA,

CASE NO.: 02-F-10?

VS.

ANTHONY M. BELL,

     Defendant.

## MOTION FOR AN EXTENTION OF TIME TO FILE AN APPEAL

**NOW COMES**, the Defendant, Anthony M. Bell, by counsel, James S. Rowe,

and asks this Court for an extension of time in which to file a Petition for an Appeal in

the above referenced matter.

     In support of said Motion counsel asserts that he under went surgery and was

recovering from said surgery on the due date of said Appeal.

     **WHEREFORE**, counsel for Defendant and would ask this Court to grant said

Motion for an Extension of Time to File an Appeal.

                                  **ANTHONY BELL**
                                  **BY COUNSEL**

James S. Rowe
Attorney at Law
P.O. Box 750
Montgomery, WV 25136

## CERTIFICATE OF SERVICE

I, James S. Rowe, counsel for the Defendant, do hereby certify that I have served a true and

exact copy of the foregoing **Motion for an Extention of Time to File an Appeal** by mailing a true

and exact copy thereof to the following:

<div style="margin-left:40%">

Paul M. Blake, Jr.
Prosecuting Attorney
108 E. Maple Avenue
Fayetteville, WV 25840

</div>

Dated this the _____ 6 _____ day of ___ Mar ___, 2003.

James S. Rowe
Attorney at Law
P.O. Box 750
Montgomery, WV 25136

THELMA M. KINCAID

2003 MAR -7 A 11: 51

FAYETTE COUNTY
CIRCUIT CLERK